IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-0039-PSF-CBS

PATRICK E. DONAHUE,

Plaintiff,

v.

VERICEPT CORPORATION, F/K/A eSNIFF, TERY LARREW and BRUCE CHITTENDEN,

Defendants.

---

PLAINTIFF'S RESPONSE TO DEFENDANTS' REQUEST TO HAVE ONE
REPRESENTATIVE PARTICIPATE IN SETTLEMENT CONFERENCE BY
TELEPHONE

Plaintiff, Patrick E. Donahue, through his undersigned counsel hereby responds to Defendants' Request to Have One Representative Participate in Settlement Conference by Telephone ("Motion") as follows:

1. The Scheduling Conference in this case was held on April 28, 2005. At that time a date was set for the parties to hold the Settlement Conference and counsel for Defendants raised the issue of the insurance company representative not appearing in person. Since that time the parties have discussed whether the insurance representative was to appear by phone or in person. In conjunction with those discussions, the undersigned requested a copy of the insurance agreement which was faxed to the undersigned on June 28, 2005.

2. However, counsel for Plaintiff did not get the opportunity to review the faxed document on June 28, 2005 and was out of the office from June 29 through the afternoon of July 5, 2005. Counsel for Plaintiff called counsel for Defendants on July 5,

2005 and discussed the provisions of the insurance agreement which specifically addressed settlement which stated, "An Insured shall not admit liability for, enter into any settlement agreement, stipulate to any judgment, or incur Costs of Defense without the Insurer's prior written consent." Based on this provision, counsel for Plaintiff informed counsel for Defendants that Plaintiff would not agree to have the insurance representative appear by phone as it appeared that the insurance representative was an integral part of the settlement process.

      3.      Defendants now argue that the travel costs for the insurance representative would be substantial at this late date. However, it is Defendants' own fault for not timely raising this issue with the Court. As seen in Defendants' Exhibit A dated May 9, 2005 the undersigned has consistently taken the position that the primary individual needed for the settlement conference is the insurance representative. Moreover, as seen in Defendants' Exhibit A, the undersigned reminded counsel on May 9, 2005 of the need to have the Court rule on the issue of whether the insurance representative needed to be present stating "[i]f we need to call the magistrate it will have to be early next week. My schedule is pretty open with the exception of next Tuesday morning."

      4.      Defendants could have submitted their motion to the Court at any time after (or before) May 9, 2005. Filing the motion over 6 weeks later then arguing that the travel costs would be substantial is no excuse. Plaintiff is appearing in person and it is reasonable that the party who has final authority to settle this case also be physically present. Appearing by phone is no substitute for a personal appearance and the likelihood of settling the case is diminished without the personal attendance of the insurance representative. Plaintiff respectfully requests that Defendants' motion be denied.

Respectfully submitted this 7th day of July 2005.


Jennifer C. Robinson
ROBINSON EMPLOYMENT LAW, LLC
303 E. 17TH Ave, Suite 200
Denver, Colorado 80203
(303) 866-9793

ATTORNEY FOR PLAINTIFF

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 7th day of July, 2005 a true and correct copy of the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANTS' REQUEST TO HAVE ONE REPRESENTATIVE PARTICIPATE IN SETTLEMENT CONFERENCE BY TELEPHONE** was e-filed and sent via U.S. mail to:

Susan Schaecher
Stettner, Miller and Cohn, P.C.
1050 17th St., Suite 700
Denver, CO  80265

_____